**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LONESTAR COMPLETION TOOLS, LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 4:26-cv-06730** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **THE WELLBOSS COMPANY, LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF LONESTAR COMPLETION TOOLS, LLC'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Lonestar Completion Tools, LLC seeks a declaratory judgment of non-infringement (direct and indirect) of three (3) United States patents (the Asserted Patents identified in Paragraph 7) owned by Defendant The WellBoss Company, LLC and such other relief as the Court deems just and proper.

## PARTIES

1. Lonestar Completion Tools, LLC ("Lonestar") is a limited liability company organized and existing under the laws of the State of Texas, having an office at 21260 Spell Circle, Tomball, Texas 77375.

2. The WellBoss Company, LLC ("WellBoss") is a limited liability company organized and existing under the laws of the State of Texas, having its corporate offices and principal place of business at 12450 Cutten Road, Houston, Texas 77066. WellBoss may be served through its registered agent.

## NATURE OF THE ACTION

3. This is an action for declaratory judgment of non-infringement arising under the laws of the United States, 35 U.S.C. §§ 101 *et seq*., and particularly 35 U.S.C. §§ 271–287.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 101 *et seq.* and 28 U.S.C. § 2201(a) because Lonestar's claims arise under the patent laws and the Declaratory Judgment Act. An actual controversy exists because WellBoss has previously accused Lonestar of infringing the Asserted Patents in this district in the lawsuit styled *The WellBoss Company, LLC v. Lonestar Completion Tools, LLC, et al.,* Civil Action No. 4:26-cv-821, in the United States District Court for the Southern District of Texas, Houston Division (the "Prior Litigation"). Contrary to WellBoss's false assertions, Lonestar has not infringed any of the Asserted Patents.

5. This Court has personal jurisdiction over WellBoss. WellBoss is a resident of the State of Texas. WellBoss is a Texas limited liability company with its principal place of business in the State of Texas. WellBoss continuously and systematically conducts business in the State of Texas and in this judicial district. This lawsuit arises from conduct of WellBoss that occurred in Texas, including its accusation of infringement of the Asserted Patents. Exercising personal jurisdiction over WellBoss in this lawsuit comports with due process and traditional notions of fair play and substantial justice.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b) because WellBoss resides in this district, is subject to personal jurisdiction in this district, has a regular and established place of business in this district, and has made accusations of infringement against Lonestar in this district.

**FACTS**

7. WellBoss previously sued Lonestar in this Court on February 3, 2026 in the Prior Litigation asserting infringement of United States Patent Nos. 11,634,965 ("the '965 Patent") (Exhibit A), 11,713,645 ("the '645 Patent") (Exhibit B), and U.S. Patent App. No. 18/999,405 (the

"Allowed '405 App"). *See* Case No. 4:26-cv-00821, Dkt. 1 (Original Complaint), Dkt. 42 (Second Amended Complaint). Regarding the Allowed '405 App, WellBoss provided notice to Lonestar that it will assert the corresponding issued patent once it issued. This patent recently issued as U.S. Patent No. 12,674,371 ("the '371 Patent") (Exhibit C). Together, the '965 Patent, the '645 Patent, and (constructively) the '371 Patent are the "Asserted Patents" that WellBoss has asserted against Lonestar.

8. In the Prior Litigation, WellBoss served its infringement contentions for the Asserted Patents, and likewise, Lonestar served its invalidity contentions for the Asserted Patents.

9. As recently as Monday, August 10, 2026, WellBoss's counsel in the Prior Litigation indicated that WellBoss would be filing its Third Amended Complaint in that litigation by the end of the week of August 10, 2026 to reference the issuance of the '371 Patent. Thus, WellBoss indicated in intent to continue its infringement claims involving the Asserted Patents against Lonestar.

10. WellBoss filed a Notice of Voluntary Dismissal of the Prior Litigation without prejudice on August 14, 2026, without any prior notice of the reasons for such dismissal. *See* Case No. 4:26-cv-00821, Dkt. 47. Because the dismissal was without prejudice, and in light of WellBoss's intent to file a Third Amended Complaint in the Prior Litigation as recently as August 10, 2026, Lonestar is still under the threat of WellBoss's infringement claims, whether WellBoss intends to pursue those claims in this district or in another district.

**COUNT I**

**DECLARATION OF NON-INFRINGEMENT OF THE ASSERTED PATENTS**

11. WellBoss has accused Lonestar of infringing the Asserted Patents.

12. As a result of the acts described in the foregoing Paragraphs, an actual and justiciable controversy exists between WellBoss and Lonestar regarding the alleged infringement of the Asserted Patents.

13. Lonestar has not infringed and does not infringe (directly, indirectly, or in any other manner) any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

14. A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy and prevent WellBoss from continuing to allege infringement of the Asserted Patents.

## LONESTAR'S PRAYER FOR RELIEF

WHEREFORE, Lonestar requests that the Court enter a judgment in Lonestar's favor and grant the following relief:

a. a declaration that Lonestar has not infringed any claims of the Asserted Patents;

b. an order awarding Lonestar its costs and expenses of litigation, including, but not limited, to all attorneys' fees, disbursements and expert witness fees; and

c. granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Lonestar demands a jury trial on all issues triable to a jury in this action.

DATED: August 14, 2026

Respectfully submitted,

/s/ John R. Keville
John R. Keville (Attorney-in-Charge)
Texas State Bar No. 00794085
Southern District of Texas ID No. 20922
JKeville@sheppard.com
Eric Schlichter
Texas State Bar No. 24007994
Southern District of Texas ID No. 23321
ESchlichter@sheppard.com
Michael C. Krill
Texas State Bar No. 24097954
Southern District of Texas ID No. 2782784
MKrill@sheppard.com
Sunny Akarapu
Texas State Bar No. 24136692
Southern District of Texas ID No. 3911006
SAkarapu@sheppard.com
**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
845 Texas Avenue, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100
Facsimile: (713) 431-7024

**ATTORNEYS FOR PLAINTIFF**
**LONESTAR COMPLETION TOOLS**